# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * | * | |
| CHIYOKO MILLER, | * | |
| | * | No. 16-1081V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: August 21, 2018 |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' Fees and Costs. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * | * | |

Danielle A. Strait, Maglio Christopher & Toale, Seattle, WA, for Petitioner;
Althea W. Davis, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Ms. Miller brought a successful petition for compensation from the National Childhood Vaccine Compensation Program. She now seeks an award for attorneys' fees and costs. She is awarded $20,348.68.

* * *

Represented by Danielle Strait, Ms. Miller filed her petition on August 29, 2016. Ms. Miller claimed that the tetanus-diphtheria-acellular pertussis and influenza vaccines, which she received on October 9, 2013, caused her to suffer Guillain-Barré syndrome. The parties were able to informally resolve the case, entering a joint stipulation that was then adopted. Decision, issued Nov. 13, 2017, 2017 WL 6523865.

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

On May 10, 2018, petitioner moved for reimbursement of attorneys' fees and costs, requesting $18,648.30 in fees and $1,951.78 in costs borne by her attorney and $7.30 in costs borne by the petitioner individually.

On May 23, 2018, respondent filed his response to petitioner's motion. In his response, respondent did not object to petitioner's request. Resp't's Resp. at 2. Instead, respondent stated that he is "satisfied that the statutory requirements for an award of attorneys' fees and costs are met" and recommended that the undersigned exercise his discretion in determining a reasonable award for attorneys' fees and costs. Id. at 2-3. In her reply, filed two days later, petitioner argued, inter alia, that respondent's decision to not participate in the fees litigation created an outsized burden on the court and the petitioner.

This matter is now ripe for adjudication.

* * *

Because Ms. Miller received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether Ms. Miller's requested amount is reasonable.

## I. Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. In this case, the lodestar calculation produces a reasonable attorneys' fee. Therefore, an adjustment is not required and the analysis focuses on the two components of the lodestar formula: a reasonable hourly rate and a reasonable number of hours.

### A. Reasonable Hourly Rate

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human

Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

Ms. Danielle Strait's hourly rates were recently examined by Special Master Sanders.  See Schultheis v. Sec'y of Health & Human Servs., No. 13–781, 2017 WL 2825819 (Fed. Cl. Spec. Mstr. June 5, 2017).  Special Master Sanders found an hourly rate of $300 for 2016 and $307 for 2017 to be reasonable.  Id. at 2.  The undersigned agrees with Special Master Oler's opinion that Special Master Sander's analysis was "well-reasoned and persuasive." Replogle v. Sec'y of Health & Human Servs., No. 16-1274V, 2018 WL 2225081, at *3 (Fed. Cl. Spec. Mstr. Apr. 6, 2018).  Accordingly, the undersigned adopts these rates here.  This requires a reduction of $258.70.

While neither special master examined Ms. Strait's 2018 hourly rate, the undersigned has commonly used the PPI-OL as a reasonable metric of inflation for attorneys' rates.  The undersigned also recognizes that in 2018, Ms. Strait became eligible for a higher range of rates under the analysis applied in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) due to her experience.  Based on these two considerations, the undersigned finds Ms. Strait's requested rates for 2018 to be reasonable.

Ms. Miller also requested a range of rates for a number of other lawyers, paralegals, and support staff.  The undersigned has reviewed these rates and finds them reasonable.

### B. Reasonable Number of Hours

The Secretary also did not challenge any of the requested hours as unreasonable.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A review of the billing statement indicates that the billed hours meets this requirement.

## II. Costs

In addition to seeking attorneys' fees, Ms. Miller seeks reimbursement of costs totaling $1,959.08, $7.30 of which was incurred personally by the petitioner.

The undersigned has reviewed the invoiced costs and finds them to be reasonable. Consequently, Ms. Miller is awarded her requested costs in full.

## III. Conclusion

The undersigned finds an award of attorneys' fees and costs appropriate. The undersigned awards Ms. Miller the following amount for attorneys' fees and costs:

a. **A lump sum of $20,341.38 in the form of a check made payable to petitioner and petitioner's attorney, Danielle A. Strait, of Maglio Christopher & Toale; and**

b. **A lump sum of $7.30 in the form of a check made payable to petitioner, Chiyoko Miller.**

These amounts represent reimbursement for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED**.

S/Christian J. Moran
Christian J. Moran
Special Master

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.